**IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT**
**IN AND FOR HILLSBOROUGH COUNTY, FLORIDA**
**CIVIL DIVISION**

**THOMAS E. SULLIVAN**

    **Plaintiff,**

**vs.**

                        **CASE NO.:**
                        **JURY TRIAL DEMANDED**

**DEPARTMENT OF JUVENILE JUSTICE,**
**A State Agency.**

    **Defendant.**

_____/

## VERIFIED COMPLAINT

COMES NOW Thomas E. Sullivan ("Plaintiff"), by and through his undersigned counsel, Dennis Hernandez & Associates, PA, and files this complaint against the Department of Juvenile Justice ("Defendant") and alleges:

### THE PARTIES

1.  Plaintiff is and was at all relevant times to this proceeding a resident of Hillsborough County.

2.  Defendant is a Florida agency headquartered in Tallahassee, Florida with district offices located in Tampa, Hillsborough County, Florida.

### JURISDICTION AND VENUE

3.  This is an action for damages in excess of fifteen thousand dollars ($15,000.00), excluding costs, interests and attorney's fees, based upon violations of the ADA (Americans with

Disabilities Act) of 1990, 42 U.S.C. §12101, violation of the ADEA (Age Discrimination in Employment Act) of 1967, 29 U.S.C §626(e), the Florida Civil Rights Act of 1992 (FCRA), Fla. Stat. §760.01, *et. seq.*, and violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C.S. §2000*e, et. seq.* Additionally, this is an action for breach of contract.

4.     Jurisdiction and venue are proper, pursuant to, *inter alia*, the Florida Civil Rights Act of 1992, Fla. Stat. §760.01, *et. seq.* and Fla. Stat. §448.101, *et. seq.* (2003).

5.     All conditions precedent to the action have been performed, occurred or waived. Plaintiff filed a timely charge of employment discrimination with the United States Equal Employment Opportunity Commission and the Florida Commission on Human Rights alleging that the Defendant violated the FCRA Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et. seq.* A copy of the charge is attached as Exhibit "A".

6.     The EEOC issued Plaintiff a Notice of Right to Sue with his respect to his claims.

7.     This action has been instituted within ninety (90) days of the date Plaintiff received the Notice of Right to Sue. A copy of the right to sue is attached as Exhibit "B".

8.    Defendant transacts business in Hillsborough County, Florida, and is an employer with at least fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar years of the discriminatory treatment, and has at all material times remained an "employer" within the meaning of the FCRA.

9.    Plaintiff is an "employee" within the meaning of the FCRA.

## GENERAL ALLEGATIONS

10.   Plaintiff is a fifty-nine (59) year old male who has been employed for over fifteen (15) years with the Defendant.

11.   Plaintiff has an ADA recognized disability; he is missing one eye and suffers from a cataract in his remaining eye. He also suffers from a learning disability. Plaintiff has provided the Defendant all documentation with regard to disabilities and his need for special accommodations under the ADA.

12.   The Defendant had been provided accommodations by the Defendant with regard to his sight and driving disabilities, and was given the required work load to comply with his learning deficiencies.

13.   After the Defendant filed an EEOC complaint in 2001 with regard to the disparate, unlawful employment practices advocated by the Defendant, the Defendant retaliated by not

providing the Plaintiff with his reasonable accommodations. He was transferred out of his department involuntarily, and was not given a conforming computer desk near a window.

14. In or around 2001, the Defendant began requiring its juvenile probation officers, including the Plaintiff, to be certified. To be certified, officers have to pass a "protective action response" ("PAR") written test and defensive techniques practicum, in addition to a first aid/CPR exam. The physical training was to be limited to using minimum force for self-protection.

15. The physical exam constitutes an example of Defendant's disparate treatment to older employees and employees who suffer from disabilities.

16. Employees who could not pass the physical exam were to be transferred to other positions within the agency that did not require certification.

17. In or around May 2003, Plaintiff was denied reasonable accommodations to take the PAR physical exam in order to maintain his employment position with the Defendant as a juvenile probation officer.

18. Plaintiff was denied actual participation in the required PAR program by trainer, Tara Whitmer, in May 2003. Plaintiff was physically ready to participate, provided that the Defendant

could provide him with reasonable accommodations. He was told by Ms. Whitmer that he could only sit and watch.

19.    The Plaintiff presented documentation from his doctor on May 3, 2003, that he was able to participate in the defensive tactics training if he was provided with reasonable accommodations.

20.    The Defendant denied the Plaintiff the opportunity to take the required PAR test with the disability accommodations.

21.    As a result of being denied access to take the required defensive tactics training, Plaintiff was transferred effective August 29, 2003 with a five percent (5%) pay cut.   He has also been put on the night shift, without adequate accommodations for his sight disabilities.    The pretextual reason proffered by the Defendant for this adverse employment action was that the Plaintiff did not submit proper documentation from his doctor outlining his specific physical limitations that required accommodation.   Plaintiff was, in fact, being pushed out of his position because of his age, fifty-nine (59), and because of his disability.

22.    Plaintiff has filed charges to the EEOC with regard to the Defendants unlawful employment practices on prior occasions in 1987, 1993, and in 2001.    Plaintiff has been retaliated against by the Defendant for making these charges.

23. Plaintiff has filed legitimate workers' compensation claims in 1994, 1995, 1997, 1998, 1999 and 2003 for injuries sustained while working for the Defendant. The Defendant has retaliated by transferring the Plaintiff out of his office and by denying him reasonable accommodations for his ADA approved disabilities.

24. Plaintiff has been the victim of reverse discrimination. He has been involuntarily transferred out of his unit, in which he was the employee with the most tenure. The Defendant gave the pretextual reason that they were moving staff around in response to public need, but minority females with less tenure were not made to involuntarily transfer their positions into other offices.

## COUNT I
## VIOLATION OF AMERICANS WITH DISABILITIES ACT (ADA) OF 1990

25. Plaintiff re-alleges the allegations put forth in paragraphs 1 through 24.

26. Plaintiff has an ADA recognized disability, he is missing one eye and legally blind in the other.

27. Per the ADA, reasonable accommodations were to be made available to the Plaintiff for the driving requirements of his position, as well as his sensitivity to fluorescent light and

computer screens. Agreements were made within the Department to assist Plaintiff with these issues.

28. Plaintiff was required to complete the mandatory defensive tactics course (PAR) in or around May 2003.

29. Plaintiff was denied the opportunity to participate in the PAR program, based on the fact that he was disabled. He was told by trainer, Tara Whitmer, that he could only sit and watch.

30. Plaintiff presented a doctor's note in May 2003, stating that he could participate in the defensive tactics course provided that reasonable accommodations were made for him.

31. As a result of this violation of the ADA, Plaintiff was not permitted to participate in the required course, was transferred to another office, and had his pay cut by five percent (5%). The Defendant has denied disability accommodations in this new position for the Plaintiff, as he does not have the required computer desk in order to complete his work. He has also been put on the night shift, a severe hardship due to his sight disability.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages as provided for under the Americans with Disabilities Act (ADA) of 1990, including but not limited to, compensatory and punitive damages, lost benefits and wages, lost job opportunities that he has been denied, pain and

suffering and/or non-pecuniary losses along with reasonable attorney's fees and costs.

## COUNT II
## ACTION FOR RETALIATION UNDER
## THE FLORIDA CIVIL RIGHTS ACT OF 1992

32.   Plaintiff re-alleges the allegations put forth in paragraphs 1 through 24.

33.   The Florida Civil Rights Act of 1992, §760.01, *et. seq.*, forbids discrimination against employees because of race, color religion, sex, national origin, age, handicap or marital status.

34.   The Florida Civil Rights Act of 1992, Chapter 760, Florida Statutes, forbids discrimination against an employee who has opposed practices unlawful under the Act.

35.   Plaintiff has been discriminated against and retaliated against because of his disability, for filing workers' compensation claims and for filing EEOC charges against the Defendant.

36.   Prior to the Plaintiff filing his EEOC charges, he had a record of outstanding appraisals while employed by the Defendant.

37.   After the Plaintiff began to file the necessary EEOC charges to protect his violated rights, the Defendant retaliated against him by transferring him out of his office involuntarily, and denying him reasonable accommodations for his disabilities.   Plaintiff was also denied compensation and overtime pay.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages as provided for under the Florida Civil Rights Act of 1992, including but not limited to compensatory and punitive damages, lost benefits and wages, promotions and job opportunities he has been denied, pain and suffering and/or non-pecuniary losses along with reasonable attorney's fees and costs.

## COUNT III
## VIOLATION OF ADEA- AGE DISCRIMINATION IN EMPLOYMENT ACT OF 1967

38. Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24.

39. Plaintiff is a fifty-nine (59) year old white male who has been employed by the Defendant for over fifteen (15) years.

40. The Defendant utilizes the PAR defensive tactics course, implemented in 2001, to discriminate against and push the older employees out of the agency. The requirement that the officers must demonstrate physical force and take-down maneuvers on juveniles is an unlawful pretext to discriminate against older employees.

41. Plaintiff has never had a confrontation with a juvenile probationer in fifteen (15) years that would require him to demonstrate physical force.

42.    Plaintiff has worked for the Defendant since 1986, and has never been required to demonstrate physical force in order to show that he is more than capable of excelling at his position of juvenile probation officer. Because he did not pass this new physical requirement, Plaintiff was demoted and took a five percent (5%) cut in pay. He was also forced to work the night shift in an effort to push him out of the agency based on his age.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages as provided for under the ADEA of 1967, including but not limited to  compensatory and punitive damages, lost benefits and wages, promotions and denied job opportunities, pain and suffering and/or non-pecuniary losses attorney's fees and such other and further relief as this Court deems appropriate.

## COUNT IV
## VIOLATION OF TITLE VII OF THE CIVIL RIGHTS ACT OF 1964

43.    Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24.

44.    Plaintiff has suffered from reverse discrimination based on the unlawful promotional policies utilized by the Defendant.

45.    Plaintiff has been involuntarily moved out of his office and transferred to another unit based on the pretext that the

Defendant was moving staff members to alternate offices to better serve the public.

46.   Less tenured, minority females were allowed to stay in their positions within the Plaintiff's unit without having to involuntarily change offices and units.

47.   Plaintiff inquired to the Defendant why he was singled out to be involuntarily transferred when he had the most tenure.

48.   The Defendant did not provide a legitimate non-pretextual reason for its unlawful, discriminatory practice.

49.   Plaintiff was unable to pass the PAR test in April 2003, and was given a demotion, transferred out of his office, and had his pay reduced by five percent (5%). A black female in his unit, supervisor Gloria Davis, did not pass the PAR exam in 2003.   She was not transferred out of the office, and received favorable treatment over the Plaintiff.

WHEREFORE, Plaintiff demands judgment against the Defendant for damages as provided for under Title VII of the Civil Rights Act of 1964, including but not limited to, compensatory and punitive damages, lost benefits and wages, promotions and job opportunities he has been denied, pain and suffering and/or non-pecuniary losses along with reasonable attorney's fees and costs.

## COUNT V
## **BREACH OF CONTRACT**

50.     Plaintiff re-alleges the allegations put forth in paragraphs 1 through 24.

51.     The representation and promises of the Defendant's agents of continued employment within the agency, for which the Plaintiff provided valuable consideration in continuing with said employment, constituted a valid contract enforceable at law and for which Defendant is liable in damages.

52.     Plaintiff specifically inquired, at the inception of the PAR program in 2001, if any accommodations would be made for employees with physical disabilities, and if his job would be affected if he was unable to participate in the program.

53.     Plaintiff was specifically advised by his immediate supervisor, Ronnie Pilcher, that per the agreement the Defendant made with the State of Florida, all current employees with disabilities would be "grandfathered" into the newly implemented program to certify juvenile probation officers.

54.     Plaintiff was also told by his immediate supervisor, Cora Martin, that his employment in the Department

was not threatened by the new certification process implemented by the Defendant.

55.     In or around May 2003, Plaintiff was denied the opportunity to attempt to pass the PAR physical test by the Defendant.

56.     Defendant changed the policy in 2002, with regard to grandfathering in employees with disabilities to the certification program.

57.     In May 2003, the Plaintiff presented a doctor's note, at the Defendant's request, stating that he was able to participate in the part of the PAR test, provided that reasonable accommodations were made.

58.     Defendant refused to allow the Plaintiff to participate in the certification test.  As a result, in August 2003, Defendant demoted the Plaintiff, transferred him to another office, and cut his pay by five percent (5%).

59.     Defendant made false representations to the Plaintiff and subsequently breached the agreement to grandfather him into the certification program.

60.     Plaintiff has suffered monetary damages as a result of this breach, and is entitled to back pay for lost wages.

WHEREFORE, Plaintiff demands judgment against the Defendant for direct, incidental and consequential damages, prejudgment interests and such other and further relief as this Court deems appropriate.

## COUNT VI
## BREACH OF IMPLIED DUTIES OF GOOD FAITH AND FAIR DEALING

61.   Plaintiff re-alleges the allegations put forth in paragraphs 1 through 24.

62.   In a contractual employment relationship, each party has the implied duty to act consistently with, and take no action to frustrate, the employment contract's purpose.

63.   In or around 2001, the Defendant created a policy to require all juvenile probation officers to pass a physical defense test to be certified. Disabled employees were assured that they would be grandfathered in under the new certification process, and their jobs would not be affected.

64.   When the Plaintiff specifically asked his supervisor, Ronnie Pilcher, in 2001 if he had to worry about any physical requirements, the Plaintiff was assured that his employment was safe.

65.     In 2003, the Defendant breached the implied duties of good faith and fair dealing by:

a. Requiring the Plaintiff to now pass a physical test to be certified.

b. Denying him the opportunity to take the physical test even when he provided a doctor's note and was ready to comply with the new requirements.

c. Punishing the Plaintiff for not passing the physical test, by demoting him, transferring him and reducing his pay by five percent (5%).

66.     The Defendant breached its implied duty of good faith and fair dealing by implementing a physical defensive tactics exam in 2001 to its certification process.   The Defendant was aware that the Plaintiff could not pass the test without accommodations, and refused to allow him to take the exam in 2003.

67.     The Defendant suffered damages due to the fact that he was not given the opportunity by the Defendant to take the physical exam.   He was demoted, transferred, and his pay was reduced by five percent (5%).

WHEREFORE, the Plaintiff demands judgment against the Defendant for direct, incidental and consequential damages, prejudgment interests and such other and further relief as this Court deems appropriate.

## COUNT VII
## PROMISSORY ESTOPPEL

68.     Plaintiff re-alleges the allegations put forth in paragraphs 1 through 24.

69.     Plaintiff detrimentally relied on the representation made by employees of the Defendant that he would be "grandfathered" into the certification program for juvenile probation officers with regard to the physical requirements in 2001.

70.     In 2003, when Plaintiff was not grandfathered in to the certification program, he presented a doctor's note with reasonable accommodations that needed to be provided by the Defendant, pursuant to ADA guidelines, in order for him to be able to participate in the PAR physical test. Plaintiff was denied these accommodations.

71.     As a result of the Plaintiff's detrimental reliance on the Defendant's assertions, he was transferred out of

his office, demoted and had his pay reduced by five percent (5%).

72.     By virtue of the Plaintiff's reliance on the representations and promises of the Defendant, which reliance was at all times reasonable, Defendant is estopped to deny that back pay and reinstatement to the Plaintiff's previous position is due and payable and Defendant is therefore liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment in his favor and against Defendant as set forth aforesaid.

## COUNT VIII
## EQUITABLE ESTOPPEL

73.     Plaintiff re-alleges the allegations set forth in paragraphs 1 through 24.

74.     Plaintiff detrimentally relied on the assertions by employees of the Defendant that he would be "grandfathered" in to the certification program of juvenile probation officers with regard to the physical requirements in 2001.

75.     In 2003, when Plaintiff was not grandfathered in to the certification program, he presented a doctor's note with the reasonable accommodations that needed to be provided by the Defendant, pursuant to ADA guidelines, in order for him to

be able to participate in the PAR physical test. Plaintiff was denied these accommodations.

76.     By virtue of the Plaintiff's reliance on the representations and promises of the Defendant, which reliance was at all times reasonable, Defendant is estopped to deny that back pay and reinstatement to Plaintiff's previous position is due and payable and Defendant is therefore liable to Plaintiff.

WHEREFORE, Plaintiff demands judgment in her favor and against Defendant as set forth aforesaid.


### DEMAND FOR JURY TRIAL

Plaintiff, THOMAS E. SULLIVAN, demands jury trial on all issues so triable in the above-styled action.


Respectfully Submitted,

Linda   K.   Gruszynski,   Esquire
Florida Bar No.: 0006793
Matthew S. Przybycin, Esquire
Florida Bar No.: 182620
Alfred Tirella, Esquire
Florida Bar No.: 473677
3339 West Kennedy Boulevard
Tampa, Florida 33609
Telephone:   (813) 250-0000
Facsimile:   (813) 258-4567
Attorneys for Plaintiff

## VERIFICATION

**STATE OF FLORIDA**                    )
                                        )
**COUNTY OF HILLSBOROUGH**              )

**I HEREBY CERTIFY** that the foregoing complaint is true and correct.


_Thomas Sullivan_
Thomas E. Sullivan

SWORN AND SUBSCRIBED before me this ___10th___ day of July, 2004. Affiant personally appeared before me, the undersigned authority, and the Affiant, who being first duly sworn, states under oath that the facts set forth in the above complaint are true and correct and presented under oath before me. The affiant is personally known to me or produced _Driver's License_ as identification.

_Eva Sawalha_
Notary Public

Eva H. Sawalha
Commission #DD287192
Expires: Feb 03, 2008
Bonded Thru
Atlantic Bonding Co., Inc.

## IN THE CIRCUIT COURT OF THE THIRTEENTH JUDICIAL CIRCUIT
## IN AND FOR HILLSBOROUGH COUNTY, STATE OF FLORIDA
## CIVIL DIVISION

THOMAS E. SULLIVAN
an individual,

        Plaintiff,

vs.

    Case No.: **0 4  . 6 1 9 4**
    Division:

DEPARTMENT OF JUVENILE JUSTICE,
A State Agency.

        Defendant.
_____/

### SUMMONS

    **YOU ARE HEREBY COMMANDED** to serve this summons and a copy of the complaint in the above-styled cause upon the defendant **DEPARTMENT OF JUVENILE JUSTICE**

        Department of Juvenile Justice
        4524 Oak Fair Boulevard Suite 100
        Tampa, Florida 33610

    The defendant is hereby required to serve written defenses to said complaint on plaintiffs' attorney, whose name and address is:

        Linda Gruszynski, Esquire
        Matthew S. Przybycin, Esquire
        Alfred Tirella, Esquire
        Dennis Hernandez & Associates, P.A.
        3339 West Kennedy Boulevard
        Tampa, Florida 33609

    within 20 days after the service of this summons upon that defendant, exclusive of the day of service, and to file the original of said written defenses with the clerk of said court either before service on plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a default will be entered against that defendant for the relief demanded in the complaint.

Phillip Pooler

CRC

WITNESS my hand and the seal of said court on ____ day of ____, 2004.

RICHARD AKE

Clerk of the Circuit Court

By: _____

As Deputy Clerk

If you are a person with a disability who needs any accommodation in order to participate in this proceeding, you are entitled, at no cost to you, to the provision of certain assistance. Please contact the Clerk of Circuit Court, Circuit Civil Division, Room 195, Hillsborough County Courthouse, 419 Pierce Street, Tampa, Florida 33602, telephone 813-276-8100, extension 7252, within two (2) working days of your receipt of this document. If you are hearing impaired or voice impaired, call 1-800-955-8771. This is not a court information line.

## IMPORTANT

A lawsuit has been filed against you. You have 20 calendar days after this summons is served on you to file a written response to the attached complaint with the clerk of this court. A phone call will not protect you. Your written response, including the case number given above and the names of the parties, must be filed if you want the court to hear your side of the case. If you do not file your response on time, you may lose the case, and your wages, money, and property may thereafter be taken without further warning from the court. There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may call an attorney referral service or a legal aid office (listed in phone book).

If you choose to file a written response yourself, at the same time you file your written response to the court you must also mail or take a copy of your written response to the Attorney named below.

## IMPORTANTE

Usted ha sido demandado legalmente. Tiene 20 dias, contados a partir del recibo de esta notificacion, para contestar la demanda adjunta, por escrito, y presentarla ante este tribunal. Una llamada telefonica no lo protegera. Si usted desea que el tribunal considere su defensa, debe presentar su respuesta por escrito, incluyendo el numero del caso y los nombres de las partes interesadas. Si usted no contesta la demanda a tiempo, pudiese perder el caso y podria ser despojado de sus ingresos y porpiedades, o privado de sus derechos, sin previo aviso del tribunal. Existen otros requisitos legales. Si lo desea, puede usted consultar a un abogado immediatamente. Si no conoce a un abogado, puede llamar

a una de las oficinas de asistencia legal que aparencen en la guia telefonica.

Si desea responder a la demanda por su cuenta, al mismo tiempo en que presenta su respuesta ante el tribunal, debera usted enviar por correo o entregar una copia de su respuesta a la persona denominada abajo como "Plaintiff/Plaintiff's Attorney" (Demandante o Abogado del Demandante).

## IMPORTANT

Des poursuites judiciares ont ete entreprises contre vous.   Vous avez 20 jours consecutifs a partir de la date de l'assignation de cette citation pour deposer une reponse ecrite a la plainte ci-jointe aupres de ce tribunal.   Un simple coup de telephone est insuffisant pour vous proteger.   Vous etes obliges de deposer votre reponse ecrite, avec mention du numero de dossier ci-dessus et du nom des parties nommees ici, si vous souhaitez que le tribunal entende votre cause.   Si vous ne deposez pas votre reponse ecrite dans le relai requis, vous risquez de perdre la cause ainsi que votre salaire, votre argent, et vos biens peuvent etre saisis par law suite, sans aucun preavis ulterieur du tribunal.   Il y a d'autres obligations juridiques et vous pouvez requerir les services immediats d'un avocat.   Si vous ne connaissez pas d'avocat, vous pourriez telephoner a un service de reference d'avocats ou a un bureau d'assistance juridique (figurant a l'annuaire de telephones).

Si vous choisissez de deposer vous-meme une reponse ecrite, il vous faudra egalement, en meme temps que cette formalite, faire parvenir ou expedier une copie de votre reponse ecrite au "Plaintiff/Plaintiff's Attorney" (Plaignant ou a son avocat) nomme ci-dessous.

Linda Gruszynski, Esquire
Florida Bar Number: 006793
Matthew S. Przybycin, Esquire
Florida Bar Number: 182620
Alfred Tirella, Esquire
Florida Bar Number: 473677
Dennis Hernandez & Associates, P.A.
3339 W. Kennedy Boulevard
Tampa, Florida   33609
(813) 250-0000
Attorneys for Plaintiffs